UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00085-LLK

**DEBORAH ANN CUNNINGHAM**                                                                 **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 18 and DN 24. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 11].

The Administrative Law Judge (ALJ) found that Plaintiff is not disabled because she retains the ability to perform her past relevant work (PRW) as a collections clerk as described in Dictionary of Occupational Titles (DOT) 241.357-010, as that job is generally performed in the national economy. [DN 13-2 at 20-21[1]]. Because the ALJ's finding that Plaintiff can perform PRW is not supported by substantial evidence and does not accord with applicable legal standards, the Court will REMAND this matter to the Commissioner for a new decision.

### The ALJ's decision

The ALJ denied Plaintiff's disability claim at the fourth step of the sequential evaluation process.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 26, 2017, the date Plaintiff alleges she became disabled. [DN 13-2 at 14].

---

[1] "20-21" refers to pages 20 through 21 of the administrative record. The page numbers of the administrative record are located at the bottom right-hand side of each page.

1

Second, the ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: chronic obstructive pulmonary disease (COPD), transient ischemic attacks, and degenerative disc disease. *Id.*

Third, the ALJ found that none of Plaintiff's impairments satisfies the medical criteria of an impairment listed in Appendix 1 of the regulations. *Id.* at 16.

As required in any case that proceeds beyond Step 3, the ALJ determined Plaintiff residual functional capacity (RFC). *Id.* The ALJ found that Plaintiff has an RFC for sedentary work with the following additional (nonexertional) limitations:

> [S]he should never climb ladders and only occasionally perform other postural activities. She should avoid concentrated exposure to temperature extremes and to pulmonary irritants. She should avoid concentrated exposure to vibration and to hazards such as unprotected heights or moving/dangerous machinery.

*Id.*

Fourth, the ALJ found that Plaintiff is not disabled because she retains the ability to perform her PRW as a collections clerk as described in DOT 241.357-010, as that job is generally performed in the national economy. *Id.* at 20-21.

### The ALJ's finding that Plaintiff can perform PRW is not supported by substantial evidence and does not accord with applicable legal standards.

Plaintiff argues that substantial evidence does not support the ALJ's finding that she can perform PRW because that PRW was a hybrid or "composite" job. [DN 18 at 10]. For the reasons below, the argument is persuasive.

A "composite job" is one that has "significant elements of two or more occupations." Social Security Ruling (SSR) 82-61, 1982 WL 31387, at *2. A composite job is likely present if "it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant." Program Operations

2

Manual (POMS) 25005.020, 2011 WL 4753471.[2] When comparing a claimant's RFC to a composite job as the claimant performed it, an ALJ should find the claimant capable of performing a composite job only if she can perform all parts of the job. *Id.*

Plaintiff testified that she worked at a small car lot for about twelve years as the "office manager." [DN 13-2 at 32]. As the years proceeded, Plaintiff assumed additional job duties. *Id.* at 33. After "several years," Plaintiff "moved up into collections." *Id*. A "couple years just towards the end," Plaintiff started "actually do the repo-ing part" – a responsibility that Plaintiff admitted required some "bravery." *Id.* at 34. All the while, Plaintiff had to sell cars on occasion, when the "salesmen were busy." *Id.* at 59. Plaintiff testified "I did it all. I had no one under me." *Id.* at 38.

The vocational expert (VE) testified that Plaintiff's PRW at the car lot consisted of three separate jobs or separable job duties: Light administrative clerk (DOT 219.362-010) ("office manager"); sedentary collections clerk (DOT 241.357-010) ("collections"); and medium re-possessor (DOT 241.367-022). *Id.* at 57.

In light of the testimony of Plaintiff and the VE, Plaintiff's PRW was a composite job. "A composite job does not have a DOT counterpart, so [the ALJ should] not evaluate it at the part of step 4 considering work as generally performed in the national economy." POMS 25005.020. It follows that the ALJ erred in denying Plaintiff's disability claim at step 4 based on a finding that Plaintiff can return to PRW as a collections clerk as described in DOT 241.357-010, as that job is generally performed in the national economy. [DN 13-2 at 20-21].

Stated somewhat differently, substantial evidence does not support the ALJ's finding that Plaintiff can perform her PRW as a **sedentary** collections clerk (DOT 241.357-010) because Plaintiff also had to function as a **light** administrative clerk (DOT 219.362-010), and the ALJ found that she is limited to

---

[2] "Although the POMS is a policy and procedure manual that employees of the Commissioner use in evaluating Social Security disability claims and does not have the force and effect of law [for judicial review purposes], it is nevertheless persuasive." *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989).

**sedentary** work, [DN 13-2 at 16]. *See* POMS 25005.020 ("When comparing the claimant's RFC to a composite job as the claimant performed it, find the claimant capable of performing the composite job only if he or she can perform all parts of the job.").

Therefore, the ALJ's finding that Plaintiff can perform PRW is not supported by substantial evidence and does not accord with applicable legal standards.

### The ALJ's finding that Plaintiff has no severe mental impairment is supported by substantial evidence.

Plaintiff argues, [DN 18 at 6], that the ALJ erred in finding that her "medically determinable mental impairments of anxiety and depression do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." [DN 13-2 at 15].

On September 13, 2017, Plaintiff was examined at the request of the Commissioner by Lisa King, Psy.D. [DN 13-7 at 502]. Dr. King opined that Plaintiff is slightly to moderately limited in all functional areas except that she is markedly limited in her ability to tolerate the stress and pressure of day-to-day employment. *Id.* On September 18, 2017, in light of Dr. King's findings and the record as a whole, the Commissioner's non-examining program psychologist, Michelle Bornstein, Psy.D., discounted Dr. King's finding of marked limitation and found that Plaintiff's medically determinable mental impairments are nonsevere. [DN 13-3 at 71]. In May 2018, program psychiatrist Alex Guerrero, M.D., concurred with Dr. Bornstein's finding of no severe mental impairment. *Id.* at 85.

Plaintiff's argument is unpersuasive for two reasons. First, Plaintiff has not shown that the ALJ abused his/her discretion in preferring the opinions of the Commissioner's program psychologists (which explicitly discounted Dr. King's finding of marked limitation) over that of one-time examiner, Dr. King. *See* 20 C.F.R. § 404.1513a(b)(2) ("[O]ur … State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). Second, the ALJ discounted Dr. King's finding of marked limitation due to "lack of significant mental health treatment, in addition to her ability to perform adequately in the areas of mental functioning." [DN 13-2 at 21].

**The record does not support a judicial payment of benefits.**

Plaintiff argues that she is disabled pursuant to direct application of Rules 201.09 and/or 201.14 of Appendix 2 of the regulations (the so-called medical-vocational guidelines). [DN 18 at 9-10].

As stated above, substantial evidence does not support the ALJ's finding that Plaintiff can perform her PRW as a collections clerk. When substantial evidence does not support an ALJ's finding, the Court must determine whether the appropriate remedy is a remand for a new decision or a judicial award of benefits. A judicial award of benefits is proper only where the "proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Earley v. Comm'r*, 893 F.3d 929, 934-35 (6th Cir. 2018).

Here, the evidence of disability is not overwhelming because the VE offered no testimony supporting Plaintiff's conclusory assertion that, if limited to sedentary work, her medical-vocational profile is best described by Rules 201.09 and/or 201.14.

**Order**

Because the ALJ's finding that Plaintiff can perform PRW is not supported by substantial evidence and does not accord with applicable legal standards, this matter is hereby REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

September 8, 2021

Lanny King, Magistrate Judge
United States District Court